## THE ILLINOIS TERRA COTTA LUMBER COMPANY
*v.*
## W. B. OWEN.

*Filed at Ottawa April 3, 1897—Rehearing denied October 7, 1897.*

1. CONTRACTS—*in construing contracts due regard should be given to the object of the parties.* In construing a contract due regard should be given to the object which the parties had in entering into it, as well as to the language employed.

2. SAME—*construction of contract for payment of royalty on goods sold in Illinois.* Where a contract provides for payment of royalty on goods sold "within the State of Illinois," the seller is liable for royalty on goods which he sells to parties doing business in Illinois, with knowledge that the goods are to be used in this State, although, technically, the sale was made in another State.

3. TRIAL—*when it is error for court to take the case from the jury.* In an action to recover royalty payable by the terms of a contract on goods sold "within the State of Illinois," it is error to take the case from the jury on the ground that the proof showed the sale was made in another State, where the evidence tends to prove the seller knew the goods were to be brought to this State and used.

*Illinois Terra Cotta Lumber Co. v. Owen,* 64 Ill. App. 632, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

This is an action of assumpsit, brought under the provisions of a contract made and entered into between appellant and appellee on May 17, 1887, the material parts of which are as follows:

"This article of agreement, made and entered into this May 13, 1887, by and between the Illinois Terra Cotta Lumber Company, a corporation organized and existing under and by virtue of the laws of the State of Illinois, residing and doing business in the county of Cook, in the State of Illinois, party of the first part, and W. B. Owen, a resident of the town of Hobart, in the county of Lake, in the State of Indiana, party of the second part:

"*Witnesseth:* That whereas, the party of the first part is the owner of all rights, privileges and immunities within and for the State of Illinois, secured by certain letters patent of the United States of America issued to Charles Carroll Gilman and now owned by the International Terra Cotta Lumber Company, a corporation organized and existing under and by virtue of the laws of the State of Illinois, residing and doing business in the county of Cook, in the State of Illinois, which letters patent cover the right, privilege and immunity to manufacture and sell, or to manufacture, sell and apply, a certain production known as terra cotta lumber or porous earthenware, * * * to be used for fireproofing' and other purposes; and whereas, the party of the second part is desirous of obtaining the right, privilege and immunity to sell or apply, or to sell and apply within the State of Illinois, such production known as terra cotta lumber or porous earthenware, under and in pursuance of such letters patent of the United States of America, or either of them:

"Now, therefore, the party of the first part, in consideration of the payments to be made and the covenants and agreements to be performed, as hereinafter set forth, on the part of the party of the second part, hereby bargains, sells, assigns, transfers, conveys and makes over to the party of the second part the right, privilege and immunity to sell or apply, or to sell and apply within the State of Illinois, such production known as terra cotta lumber or porous earthenware during the life of the said letters patent, or either of them, or any renewal or renewals thereof, subject to the conditions hereinafter contained; in consideration of which the party of the second part, for himself, his heirs, executors, administrators and assigns, hereby covenants and agrees * * * that he will at once commence to sell or apply, or to sell and apply, or to make all reasonable efforts to sell or apply, or to sell and apply within the State of

Illinois, such production known as terra cotta lumber or porous earthenware, and will thereafter, during the existence of this agreement, continue to sell or apply, or to sell and apply, or to make all reasonable efforts to sell or apply, or to sell and apply, within the State of Illinois, such production known as terra cotta lumber or porous earthenware, to the extent that his facilities and opportunities may enable him to do; that he will at all times keep complete and accurate books of account showing the number of tons of such production known as terra cotta lumber or porous earthenware sold by him within the State of Illinois, and will, upon the last day of each and every month during the existence of this agreement, report to the party of the first part the number of tons of such production known as terra cotta lumber or porous earthenware sold or applied, or sold and applied by him within the State of Illinois, such month, and will at the same time pay to the party of the first part one dollar for each and every ton thereof so sold or applied, or sold and applied by him within the State of Illinois, during such month. * * * It is hereby further stipulated and agreed by and between the parties hereto, that if, at any time during the existence of this agreement, the party of the second part shall fail or refuse, for a period of ninety days, to sell or apply, or to sell and apply, or to make all reasonable efforts to sell and apply, or to sell or apply within the State of Illinois, such production known as terra cotta lumber or porous earthenware to the extent herein required according to the true intent and meaning hereof, then and in that event the party of the first part may, if it shall so elect to do, declare this agreement terminated by delivering a written notice of such declaration to the party of the second part, but the party of the second part shall not thereby be discharged from any liability to the party of the first part then existing by virtue hereof.

"In witness whereof the party of the first part has caused this agreement to be signed by its president and attested by its secretary, with the corporate seal affixed, and the party of the second part has hereunto set his hand and seal the day and year first above written."

W. B. Owen, the appellee, had a factory at Hobart, Ind., where he intended to, at the time he made the above contract, and afterwards did, manufacture this terra cotta lumber. In the year 1893 he negotiated with the Pioneer Construction Company, doing business in the city of Chicago, to sell it certain lots of the material, and the company purchased a large quantity of it, to be used in the construction of buildings in Chicago. Seven hundred and thirty-eight tons were thus purchased, for which the appellant claimed a royalty of one dollar per ton under the foregoing agreement. Appellee refused payment of the claim, and suit was brought to recover it. The case was tried by a jury, and evidence was introduced to show the circumstances of the purchase and sale. At the request of appellee the court instructed the jury to find for the defendant, which was done, and judgment entered against plaintiff for costs. On appeal to the Appellate Court that judgment was affirmed. A certificate of importance having been granted, this appeal is prosecuted.

CRATTY BROS., JARVIS & CLEVELAND, for appellant:

In construing a contract the situation of the parties at the time, and of the property which is the subject matter of the contract, and the intention and purpose of the parties making the contract, should be taken into consideration. 2 Parsons on Contracts, 419.

The word "sale" signifies a contract of sale,—an executory sale,—and does not necessarily mean an executed sale. 21 Am. & Eng. Ency. of Law, pp. 446, 488, 634-636, 640, 643, 644; Kent's Com. (13th ed.) 468; *Dunlap* v. *Berry,* 4 Scam. 327; *Wade* v. *Moffett,* 21 Ill. 110; *Bell* v. *Farrar,* 41 id. 400.

Where the minds of the parties to the contract first met is the place of the making of the contract or sale, though performance is to be made elsewhere. *Backman* v. *Jenks*, 55 Barb. 468; *Levy* v. *Cohen*, 4 Ga. 1; *Rindskopf* v. *DeRuyter*, 39 Mich. 1; *DeCosta* v. *Davis*, 4 Zabr. 319; *Schuenfeldt* v. *Junkerman*, 20 Fed. Rep. 357; 3 Am. & Eng. Ency. of Law, 547; *Mactier* v. *Frith*, 6 Wend. 103; *Brisban* v. *Boyd*, 4 Paige, 17; *Tegleroho* v. *Shipman*, 33 Iowa, 194.

Where a proposition made by one to another is accepted by letter mailed, the contract becomes binding the moment the letter is posted, and the place of mailing such acceptance is the place of the making of the contract. 3 Am. & Eng. Ency. of Law, 547; 21 id. 452, 453, note 1; Anson on Contracts, (2d Am. ed.) 28; Addison on Contracts, 861, 862; *Ferrier* v. *Storer*, 63 Iowa, 484; *Moore* v. *Pierson*, 6 id. 279; *Levy* v. *Cohen*, 4 Ga. 1; *Abbott* v. *Shepard*, 48 N. H. 14.

FRANK P. LEFFINGWELL, for appellee:

A sale is a transfer of the absolute or general property in a thing for a price in money. 2 Blackstone, 446; 2 Kent's Com. (12th ed.) 468; 1 Benjamin on Sales, sec. 1, notes.

No sale can be made until the goods called for by the orders are separated from the general mass. *Dunlap* v. *Berry*, 4 Scam. 327; *Pearson* v. *State*, 66 Miss. 510; *Brinker* v. *Schenemann*, 43 Ill. App. 659; *McIntyre* v. *Parks*, 3 Metc. 207; *Orcut* v. *Nelson*, 1 Gray, 537; *Kline* v. *Baker*, 99 Mass. 253; *Banchor* v. *Cilley*, 38 Me. 553; *Low* v. *Freeman*, 12 Ill. 467; *Hobbie* v. *Jennison*, 149 U. S. 355.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is not claimed by appellee that the contract between the parties is in any way invalid, nor that it was not in force and binding upon them at the time the sale was made by him to the Pioneer Construction Company. His contention is, that only sales negotiated within the

State of Illinois are covered by the terms of the agreement; that the evidence in this case shows that the sale in question was contracted in Hobart, Ind., and therefore plaintiff failed to make out a case entitling it to recover. Upon that theory the circuit court took the case from the jury, and on that ground alone the Appellate Court affirmed its judgment. We think there was evidence before the jury tending to prove that the sale was actually made in Illinois, and that what was done in Indiana by way of closing up the deal was, on the part of appellee, for the purpose of evading the terms of the contract, and therefore, even under the court's construction of the agreement, the question whether the sale was made within the State of Illinois should have been submitted to the jury under proper instructions.

But however that may be, there was evidence introduced upon the trial strongly tending to prove, if not establish, the fact, that at the time the sale was made appellee knew and fully understood that the lumber was being purchased by a Chicago company, to be used within the State of Illinois. The orders received by him from the Pioneer company, the acceptance of which he contends constituted the sale, plainly show that the lumber was to be used in the construction of the Young Men's Christian Association building and the Historical building, in the city of Chicago. At least that question should have been left to the jury, unless it can properly be treated as wholly immaterial. In other words, the ruling of the circuit court in directing the jury to return a verdict for the defendant can, under the evidence in this record, be sustained upon no other theory than that under a proper construction of the contract the plaintiff could only recover upon proof that the contract of sale was actually entered into within the boundaries of the State of Illinois. That is to say, although the defendant sold the Pioneer company, engaged in business in Chicago, the material in question, fully understanding and

intending that it was to be taken there and used in the construction of buildings in this State, still the plaintiff could not recover a royalty for such sale unless it could also prove that the terms of the contract or bargain between the defendant and purchaser were made and concluded within the territorial limits of Illinois. Such a construction of the agreement we regard as unreasonable, and unauthorized by its terms.

In our opinion the fact that the sale may have been, technically speaking, made in Indiana, or that for certain purposes it would be treated as a contract entered into there, is not of controlling importance in determining the rights of these parties. If the defendant made sales to parties doing business within the State of Illinois, knowing that the material was to be brought to this State and here used, we think he is liable to the plaintiff under his agreement for the royalty, no matter where the mere terms of the sale were agreed upon. In this as in all other contracts, due regard must be given to the object of the parties in entering into it, as well as the language employed, in arriving at its proper construction. The defendant agreed to "at once commence to sell or apply, or to sell and apply, or to make all reasonable efforts to sell or apply, within the State of Illinois, and thereafter during the existence of the agreement to sell or apply, within the State of Illinois, such product, to the extent that his facilities and opportunities may enable him to do so, and that he will at all times keep accounts," etc.; also, that he would pay to the party of the first part one dollar for each and every ton so sold. It thus clearly appears that it was the intention of the parties, in making the contract, that the party of the second part should sell within Illinois to the extent of his facility and opportunity to do so, and it cannot be reasonably said that he could, in the face of that agreement, use such facilities and opportunities for selling the product to be used in this State, and at the same time escape

liability to pay the royalty to plaintiff by simply making the contract of sale out of the State. It is wholly immaterial that, in the absence of the contract, he would have had the right to sell in the State of Indiana, to be used in Illinois. If he had desired to conduct his business upon that legal right he might undoubtedly have done so; but having contracted that right away, and agreeing to use his facilities and opportunities to sell within this State, he must be held bound by his obligation.

It is said the Pioneer company might have sent the material purchased by it to Alaska or Canada, and there applied it. So it might have done if the contract of purchase had been made in Chicago or any other place within this State,—that is, if the contract had been made in Chicago the purchasers might have ordered the material sent to a place not within the limits of this State; and yet, if the place where the contract of sale was entered into is to control the right of the plaintiff to the royalty, the defendant would have been liable.

It is insisted, also, that appellee had the right to sell in Indiana, and was not bound to know where the material was to be taken or used, and the fact that the purchaser chose to bring it to this State would not make him liable. Again we say, that is not this case. Here, we repeat, the evidence tended to prove that he knowingly made the sale to a Chicago dealer, to be used in buildings there.

After a careful consideration of this contract and the evidence in this record we are clearly of the opinion that the circuit court erred in taking the case from the jury and peremptorily instructing it to find a verdict for the defendant, and that the Appellate Court erred in affirming that judgment. The judgment of the latter court and of the circuit court will accordingly be reversed and the cause will be remanded to the circuit court, with directions to proceed according to the views herein expressed.

*Reversed and remanded.*