## The Briquette Fuel Company of St. Louis v. David Davis.

1. CONTRACT—*how to be construed.* A contract is to be construed with due regard to the object and purpose which the parties had in entering into it.

2. CONTRACT—*when cannot be assigned so as to enable assignee to maintain action thereon in his own name.* A contract in writing to pay money conditionally is not so assignable as to enable the assignee to sue thereon in his own name.

Assumpsit. Error to the City Court of Litchfield; the Hon. PAUL McWILLIAMS, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

CREIGHTON & GASSAWAY, for plaintiff in error.

J. H. ATTERBURY, for defendant in error.

MR. JUSTICE BAUME. delivered the opinion of the court.

Plaintiff in error prosecutes this writ of error to reverse a judgment for $1,620, recovered against it by defendant in error in the City Court of Litchfield, for a balance alleged to be due upon the purchase price of certain personal property.

The contract introduced in evidence, together with the indorsements appearing thereon, upon which the action was based, are, as follows:

"LITCHFIELD, ILLINOIS, July 5, 1902.

"The Litchfield Car Works hereby sells to S. G. Gillespie of Smithboro, Illinois, the engine, boilers, and other connections, railroad tracks, buildings, tools, the buildings belonging to the said Litchfield Car Works situated on ground belonging to the C. C. C. & St. L. Railway.

"The said S. G. Gillespie hereby purchases the above described property and agrees to pay to the said Litchfield Car Works for same the sum of $1,900. Said payment to be made within sixty days from this date, provided that the Litchfield Car Works shall secure for said Gillespie an assignment of their lease covering said property (belonging to said C. C. C. & St. L. Railway) or secure a new lease directed to said Gillespie covering said property for a term of 20 years at an annual rental of $100.00.

"It is further agreed that if said lease is secured and said money paid as above set forth, the Litchfield Car Works shall assign to said Gillespie any benefits that may accrue to them on account of a certain later track contract that said corporation has heretofore made with the C. C. C. & St. L. Railway.

LITCHFIELD CAR WORKS,
D. DAVIS, President.
S. G. GILLESPIE,
F. E. BUSH.

"November 14, 1902.

"This contract assigned to David Davis, together with the property therein mentioned.

LITCHFIELD CAR WORKS,
By D. DAVIS, President.

"November 14, 1902.

"The interest of S. G. Gillespie in the above contract having ceased and the St. Louis Briquette Fuel Company having purchased the property described in said contract, the said St. Louis Briquette Fuel Company assumes the payment of the balance due on said contract.

F. E. Bush."

S. G. Gillespie, named as purchaser in the contract of July 5, 1902, was employed by plaintiff in error to find a suitable location and property for its business and the contract was entered into by him for and in behalf of plaintiff in error. This fact was known to the Litchfield Car Works and to defendant in error, its president. The signature of F. E. Bush to the original contract appears affixed thereto by error. Bush was not present when that contract was executed, and the only satisfactory explanation which the record discloses as to how his name appears signed to the contract is, that when he was about to sign the indorsement, or additional contract under date of November 14, 1902, he inadvertently affixed his signature to the original contract following the signature of S. G. Gillespie, supposing the original contract to be the additional contract. Bush was the general manager of plaintiff in error, and his authority to sign the additional contract on behalf of plaintiff in error is not questioned.

At the time the original contract was entered into the Litchfield Car Works had a written license or lease from the C., C., C. & St. L. Ry. Co. for the use of certain premises in the city of Litchfield, for the term of twenty years from March 1, 1898, at an annual rental of $100. The license provided that it should not be assigned by the licensee without the consent of the licensor indorsed thereon in writing. The following indorsement appears upon the license:

"LITCHFIELD, ILL., Nov. 22, 1902.

"This lease is assigned to the St. Louis Briquette Fuel Company.

LITCHFIELD CAR WORKS,
D. DAVIS, Prest."

No consent by the licensor to the assignment is indorsed upon the instrument.

That the interest of plaintiff in error in the property described in the contract was recognized by the Litchfield Car Works and by defendant in error, prior to November 14, 1902, the date of the additional contract, is evident from the fact that on October 11, 1902, the following receipt was given:

"LITCHFIELD, ILL., October 11, 1902.

"Received of F. E. Bush, One Hundred ($100.00) Dollars to apply on contract of July 5, 1902, with S. G. Gillespie.

LITCHFIELD CAR WORKS,
D. DAVIS, Prest."

Subsequent to November 14, 1902, plaintiff in error made two other payments upon the contract, one of $150 and one of $30, so that at the time suit was instituted there remained unpaid the sum of $1,620, being the amount of the verdict and judgment.

The case was tried in the court below upon the theory that the additional contract of November 14, 1902, constituted an independent, unconditional undertaking upon the part of plaintiff in error to pay the balance due on the original contract of July 5, 1902; that the proviso in the original contract requiring the Litchfield Car Works to secure to the purchaser of the personal property therein described an assignment of its lease covering the real estate, or to secure a new lease thereof to the purchaser for the term of twenty years at an annual rental of $100, formed no part of the agreement between the parties. The court, in effect, so instructed the jury. This, we think, was error.

By the additional contract of November 14, 1902, plaintiff in error, the real party in interest in the original contract, was merely substituted for S. G. Gillespie, the nominal party therein, and the two contracts are to be considered together. Plaintiff in error thereby expressly assumed the payment of the balance due on the original contract, and the original contract must, therefore, be looked to for the purpose of determining the character and extent of the obligation thereby assumed. It was known and understood by the Litchfield Car Works and by defendant in error, when the original and additional contracts were entered into, that the securing of a lease by plaintiff in error of the real estate upon which the property sold was situated, was necessary for the purposes and business of plaintiff in error, and one of the main considerations which moved the agents of plaintiff in error to execute the contracts.

Contracts are to be construed with due regard to the objects and purposes which the parties had in entering into them (Terra Cotta Lumber Co. v. Owens, 167 Ill. 360), and so construing the contracts here involved, it was incumbent upon the promisee, before a recovery could be had, to show that the conditions and obligations imposed upon the Litchfield Car Works had been performed and fulfilled, or that plaintiff in error had waived such performance and fulfillment.

While the contract is an instrument in writing for the payment of money, it may well be doubted whether it is assignable so as to entitle defendant in error to maintain an action thereon in his own name. The obligation to pay being not absolute, but conditional, extrinsic proof is necessary to show performance of the condition. In Potter v. Gronbeck, 117 Ill. 404, it was held that an instrument depending upon extrinsic proof, before it becomes a binding obligation for the payment of money, is not assignable, under the statute, so as to vest the legal title in the assignee.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*