## Arthur M. Masters, Appellee, v. Mary Masters Newcomb et al., Defendants. Millard F. Dunlap, Appellant.

1. PARTITION—*tenant of life tenant as proper party.* In a proceeding to partition farm lands, the tenant of the life tenant is a proper party defendant where he had a growing crop on the land at the death of the life tenant and at the time of the partition, in which he had the right of emblements, and where his lease required him to pay the taxes, which he failed to do for the last year of his possession, he is a proper party to a supplemental bill to recover from him the amount of such taxes which had been paid by the remainderman.

2. LANDLORD AND TENANT—*construction of covenant by tenant to pay taxes.* A provision in a farm lease from the life tenant of the lands in question that the lessee "will pay all taxes assessed against said lands annually" refers to annual payments and not to annual assessments, in view of the fact that the term is uncertain and the lessee's rights limited because thereof, and where the lease terminated by the death of the life tenant in January, 1920, the fact that the lessee had a growing crop on the premises in which he had right of emblements does not require him to pay taxes for the year 1920 under such lease.

Appeal from the Circuit Court of Morgan county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded with directions. Opinion filed July 10, 1922. Rehearing denied October 4, 1922.

BELLATTI, BELLATTI & MORIARTY, for appellant.

THOMAS D. MASTERS, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

The questions involved in this appeal arise from a decree of the circuit court of Morgan county, rendered in a partition proceeding commenced by the appellee, Arthur M. Masters, in which the appellant, Millard F. Dunlap, was made a party defendant. The record discloses the following facts: That William R. T. Masters, who died on January 29, 1920, under the terms

of the last will of his deceased grandfather, James M. Masters, had a life estate in the premises described in the bill for partition; and that he demised and leased his estate and interest in certain farm lands to the appellant for certain purposes expressed in the lease; that appellant's term under the lease commenced on the 20th day of December, 1913, and terminated by the death of William R. T. Masters on January 29, 1920, a period of six consecutive years. At the time of the death of the life tenant the appellant had sown a portion of the premises in wheat, in the fall preceding, which would not mature or be ready for harvest until about July, 1920. As to this growing wheat on the premises, the appellant had the right of emblements. The partition suit was an amicable proceeding between the appellee and his sister, Mary Masters Newcomb, who were tenants in common, and owners in fee of the premises in question. Before the filing of the bill the appellee and his sister made a settlement with the appellant for the growing wheat referred to. At the May term of the circuit court following the settlement, the court entered a decree partitioning the lands between the appellee and his sister. Then during the same term, after it had been ascertained that the annual taxes payable in 1920 had not been paid, they were paid by the appellee, and on motion the decree of partition vacated and leave obtained to file an amended and supplemental bill of complaint; and thereupon the bill for partition was so amended as to charge the appellant with the obligation to pay the taxes which were payable for the year 1920. The appellant demurred to the amended supplemental bill on the ground that he was no longer a proper party to the bill. The demurrer was overruled, and the appellant then filed his answer to the bill, which raises the question of his legal obligation and liability for the taxes referred to. A replication was filed to the answer and the cause was referred to the master, who,

after hearing the testimony, made his report on which he found that during the years in which appellant had farmed the lands in question, namely, 1914, 1915, 1916, 1917, 1918 and 1919, he had paid the taxes due and payable; but found the appellant was also liable for the taxes which became due and payable February 13, 1920, after appellant's term had ended, and that appellee was entitled to a decree against the appellant to refund the amount paid by him, which was $541.19. Exceptions were taken to the master's report, which were overruled by the court and the report sustained, a decree entered against the appellant for the amount stated, and an order that an execution issue therefor. From this decree an appeal is now prosecuted.

We are of opinion that the appellant was a proper party to the suit and continued to be a proper party after the filing of the amended and supplemental bill.

The other question involved in this appeal requires the construction of the articles of agreement leasing the land in question to the appellant, especially that portion which pertains to the payment of the taxes by the appellant. That part of the articles of agreement is as follows:

"And the said M. F. Dunlap, for and in consideration of the leasing of said premises as above described, hereby covenants and agrees to and with the said William R. T. Masters, that he will farm said lands or cause the same to be farmed in as good and farmer like manner during the continuance of this contract and lease, it being understood and agreed that he, the said M. F. Dunlap, may either cause the said lands to be farmed as a whole or upon such terms as to crop or cash rental as to him shall seem best, or that he may sublet said lands as a whole or in parcels, and upon such terms and for such rental as to him may seem best.

"And the said M. F. Dunlap further covenants and agrees that out of the income and rentals to be by him derived and received from said lands, he will make

the following payments and disbursements, upon behalf of and for the benefit of the said William R. T. Masters, that is to say:

"First: He will pay all the taxes assessed against said lands annually."

The question presented for review is whether, under the terms of the leasing, the appellant is obligated to pay the taxes which became due and payable after the termination of the term, for which he had leased the land. The language used in the articles of agreement in reference to the matter is that, "he will pay all the taxes assessed against said lands annually." And the question naturally arises whether the word "annually" in the language quoted has reference to the paying or the assessing of the taxes. "The primary rule in construction of contracts is that the court must, if possible, ascertain and give effect to the mutual intention of the parties, so far as that may be done without contravention of legal principles. Greater regard is to be had to the clear intent of the parties than to any particular words which they may have used in the expression of their intent." 13 Corpus Juris, p. 521, sec. 482. And therefore "the main object of the contract, or the purpose which the parties sought to accomplish, is to be considered in ascertaining their intention, and particular parts of the contract must be so construed as to harmonize with such purpose, if possible." 13 Corpus Juris, p. 540, sec. 509; *Briquette Fuel Co. of St. Louis v. Davis,* 134 Ill. App. 343; *Provident Sav. Life Assur. Society v. Cannon,* 103 Ill. App. 534, aff'g 201 Ill. 260. To carry into effect the rule referred to, it is permissible in construing a contract to transpose the words in order to make its meaning more clear, and carry out the intention of the parties. 13 Corpus Juris, p. 535, sec. 495; *Potthoff v. Safety Armorite Conduit Co.,* 143 N. Y. App. Div. 161, 127 N. Y. Supp. 994. Keeping in mind the principles of construction referred to, it becomes at

once apparent from the language of the lease that the rights and obligations fixed by the contract in question and arising therefrom were to be limited by its scope, the purpose, and the duration of the contract. And, in this view, it is not reasonable to assume that it was intended by the parties to create an obligation to pay the taxes which might become due and payable after the term and tenancy of the appellant had ended and he no longer had the right to use the lands for the purpose for which he contracted to take them. The right which the appellant acquired under the contract was to farm the lands, or cause the same to be farmed, in a good and farmer like manner, during the continuance of the contract; his rights being limited by the continuance of the contract, it must be assumed that his obligations which arise in connection therewith were intended to be limited in the same way. Construing the language of the contract in this light, it becomes evident that the word "annually" must have reference to the paying of the taxes rather than the assessment thereof. The assessment of the taxes was not the matter that was sought to be taken care of by the agreement, but the payment thereof. Moreover, the language as used easily bears that construction, especially if the words are transposed, which makes this intention of the parties more clear. Such transposition of the words would make this clause read as follows: "That he will pay annually all the taxes assessed against said lands."

For the reasons stated, we are of opinion that under the contract in question the appellant was liable only to pay the taxes which became payable annually during the continuance of his tenancy. The master having found, in accordance with the evidence, that the appellant paid all the taxes which became due and payable each year of the six years which constituted his term, the obligation of the appellant must be considered at an end. The decree is therefore reversed

in so far as it directs the payment of the taxes payable in 1920 by appellant; in all other respects the decree is affirmed.

Decree reversed and remanded with directions to modify the decree in accordance with views here expressed.

*Reversed and remanded with directions.*